IVORY LITTLEFIELD *vs.* JAMES WATERHOUSE.

SAME *vs.* SAME and another.

York.   Opinion April 7, 1891.

</div>

<div align="center">*Arbitration.   Award,—divisible.*</div>

It is not an objection to an award that the referee has decided a matter not submitted to him, if he has decided the matter that was submitted, the matters being distinct and separable; one part of the award may be taken and the other left.

ON EXCEPTIONS.

The defendants excepted to the ruling of the presiding justice who ordered that the following award of the referee be accepted :

"That there is now and was at the date of the plaintiff's writ, and on the first day of June, A. D. 1889, as appurtenant to the land of the plaintiff as described in said writ, a right of way over the land of the defendant described in said writ. following the path or road now visible thereon to the public road; and that for the obstruction of said way as alleged in said writ, the said plaintiff recover against the said defendant, three dollars as damages, with costs of reference taxed at fifteen dollars and twenty-six cents, and costs of court to be taxed by the court." Upon the above report being recommitted the referee amended the same by adding "That I find said right of way above-found, to be subject to gates and bars as heretofore maintained by the occupiers of the servient estate."

The case is stated in the opinion.

*H. H. Burbank*, for defendants.

The referee should only have found that defendants were (or were not) guilty, and, if guilty, assessed damages.

He had no right, nor power, nor authority, under the pleadings, to do more. And yet, he has attempted to define a way with limitations which are both uncertain and indefinite by the terms of the award, namely: "subject to gates and bars as heretofore maintained by the occupiers of the servient estate."

No allegation in the writ, nothing in the award, defines or makes certain any way "heretofore maintained."

No owner of the dominant estate can trace, from the record, nor be confined to, any particular way over the servient estate. *Banks* v. *Adams*, 23 Maine, 259; *Colcord* v. *Fletcher*, 50 *Id*. 398; *Lisbon* v. *Bowdoin*, 53 *Id*. 327.

The referee exceeded his powers in making these awards in that he has awarded to plaintiff a right of way, or some other right, whereas the actions are brought not to recover any right, nor to define or determine any right, but merely to recover damages for an alleged obstruction of an alleged right.

As in trespass, money is the only remedy here sought, and money only should have been awarded.

"Guilty" or "not guilty," "and no more," would have met the

legitimate allegations of the writ and pleadings; and to award more was an excess of power given to the referee.

To define the limitations of any way or right, and determine liabilities of owners, present and future, was, manifestly, *ultra vires*; an exercise of authority not delegated nor intended to be granted or assumed.

Especially forcible is this point in the second action, wherein a third person, not a party, is an alleged owner of the servient estate. *Wyman* v. *Hammond*, 55 Maine, 534; *Littlefield* v. *Smith*, 74 *Id*. 387; *Walker* v. *Simpson*, 80 *Id*. 148. The awards are invalid altogether. *Walker* v. *Sanborn*, 8 Maine, 288; *Boynton* v. *Frye*, 33 *Id*. 216.

*B. F. Hamilton and G. F. Haley*, for plaintiff.

Counsel cited: *Strong* v. *Strong*, 9 Cush. 561; *Tallman* v. *Tallman*, 5 Cush. 325; *Karthaus* v. *Ferrer*, 1 Peters, 223; *Sperry* v. *Ricker*, 4 Allen, 17; *Byers* v. *Van Deusen*, 5 Wend. 268; *McKinstry* v. *Solomons*, 2 Johns. 57; *Solomons* v. *McKinstry* 13 Johns. 28; *Mt. Desert* v. *Tremont*, 75 Maine, 252; *Clement* v. *Durgin*, 1 *Id*. 300; *Gordon* v. *Tucker*, 6 *Id*. 247.

An award may be good in part, and bad in part, and if separable, the good will be affirmed. *Stanwood* v. *Mitchell*, 59 Maine, 121. May be good in part and void in part, when the part which is void, is not so connected with the rest as to affect the justice of the case. *Orcutt* v. *Butler*, 42 Maine, 83; *Banks* v. *Adams*, 23 *Id*. 259; *Day* v. *Hooper*, 51 *Id*. 178; *Rawson* v. *Hall*, 56 *Id*. 142; *Boynton* v. *Frye*, 33 *Id*. 216; *Peters* v. *Peirce*, 8 Mass. 398; *Skillings* v. *Coolidge*, 14 Mass. 43; *Harrington* v. *Brown*, 9 Allen, 579; *Gilmore* v. *Hubbard*, 12 Cush. 220; *Barrows* v. *Capen*, 11 Cush. 37; *Warner* v. *Collins*, 135 Mass. 26; *Martin* v. *Williams*, 13 Johns. 265; *Cox* v. *Jagger*, 2 Cowen, 638.

PETERS, C. J. These actions were instituted by the plaintiff for disturbing his right of way over land adjoining land of his own, and servient to his land for purposes of passage. In one

instance the alleged obstruction was the erection of a building upon the way, and in the other the removal of a causeway and locking up a gateway which existed across the way.

The award of the referee sustains each action, assessing damages and costs. It also finds that the right of way shall be subject to gates and bars as heretofore maintained by the occupiers of the servient estate. The plaintiff is content with the special finding which seems to be unfavorable to him, casting a burden upon his right, while the defendant, who would seem to be benefited by the finding, objects to it.

The objection specified by the defendant is that, in making the special award, the referee exceeded his jurisdiction. As the rules are not made a part of the exceptions, and are not produced, we can not know whether they conferred special authority on the referee or not. But if he has acted in excess of the power conferred on him, the act will be merely a harmless error. The general award, which is distinct and separable from the special, will be sustainable, whether the other be rejected or not.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.